Milligan, J.,
delivered the opinion of the Court.
This is a writ of error, prosecuted to reverse a judgment by motion, rendered in the Circuit Court *220 of McMinn County, against the plaintiff in error and his securities in his official bond. The motion is predicated on section 431, and sub-section 3 of the Code. The judgment is for the penalty declared by the Statute against County Trustees, who refuse to settle or pay over money in their hands, according to law.
By the Qpde, section 520, sub-section 6, it is provided, that: “The Judge or Chairman of the County Court, shall have power to call the Trustee to a settlement, when required by law, or by the Court. The Trustee is bound by law, (Code, section 427, sub-section 10,) on going out of office, to make settlement immediately, with the Revenue Commissioners, and pay over the balance of funds in his hands to his successor, taking duplicate receipts. This is an imperative obligation, fixed by law; but he may be required by the Court to make settlement at any other time.”
The motion in this case, as it appears in the record, is, “for refusing to settle or pay, according to law.” And the judgment recites, that: “It appearing to the Court, that N. M. Crocket, as Trustee of Mc-Minn County, made and executed his bond with Thos. A. Oleage, Joseph McCully, and Samuel Eire-stone, as his securities, in the County Court of Mc-Minn County, on the 7th day of April, 1862, which bond was approved in open Court; that the said N. M. Crockett, Trustee of McMinn County, as aforesaid, has failed or refused to make settlement, accord *221 ing to law; it is, therefore, considered by the Court, that judgment,” etc.
This is a summary proceeding, and highly penal in its character; and, by the well settled doctrine of the Courts, the judgment, in such cases, must show upon its face, every thing necessary to sustain the jurisdiction of the Court. In this case, we do not think the necessary facts appear upon the face of the judgment, to sustain it. It does not show the time for which the Trustee held his office, and for which he was liable to settle; nor does it show that his default was for refusing to settle, as required by law, on going out of office, or under an order of Court requiring him to make settlement. The judgment simply assumes, in the alternative, that he “failed or refused to make settlement, according to law.” A failure to settle, does not, of itself, subject the Trustee to the forfeiture imposed by the Statute. He must, by the terms of the law, refuse to settle, or pay, according to law. The findings of the Court, for these reasons, as well as others, perhaps equally apparent on the face of the judgment, we think is not sufficient.
Other exceptions are taken to the proceedings, which, in the view we have taken of the judgment, we do not deem it necessary to notice.
The judgment of the Circuit Court will be reversed, and the cause remanded.